USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/09/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DISTRICT COUNCIL NO. 9 INTERNATIONAL  :
UNION OF PAINTERS AND ALLIED TRADES,  :
A.F.L-C.I.O.; TRUSTEES OF THE DISTRICT :
COUNCIL NO. 9 PAINTING INDUSTRY       :    22-CV-8234 (VEC)
INSURANCE FUND;  and TRUSTEES OF THE  :
DISTRICT COUNCIL NO. 9 PAINTING       :
INDUSTRY ANNUITY FUND,                :    ORDER AND JUDGMENT
                                      :
                        Petitioners,  :
                                      :
            -v.-                      :
                                      :
SAHARA CONSTRUCTION CORP.,            :
                                      :
                        Respondent.   :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Petitioners District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union") and Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (the "Trustees"), bring this action against Respondent Sahara Construction Corp. ("Sahara Construction") to confirm a final arbitration award, pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See* Pet., Dkt. 1. Sahara Construction has not opposed the Petition. For the following reasons, the Petition is GRANTED and Petitioners' motion for summary judgment is DENIED as moot.[1]

## BACKGROUND

The Union is a labor organization based in New York. Pet. ¶ 2. The Trustees are the

---

[1] Petitioners filed a motion for summary judgment over a month after filing their Petition. *See* Dkt. 8. That motion is redundant because a petition to confirm an arbitration award is "treated as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006).

1

fiduciaries of jointly-administered multi-employer labor management trust funds which are maintained pursuant to the Union's collective bargaining agreements and trust indentures. *Id.* ¶ 3. Respondent Sahara Construction is a New York corporation which was a party to a collective bargaining agreement ("CBA") with the Union at relevant times. *Id.* ¶¶ 4–5.

Article IX of the CBA provides that on any job employing two or more employees, the Union shall select a job steward from among the employees working on the job. CBA, Dkt. 3-2, Art. IX § 1(A). The CBA further provides that no steward "shall be discriminated against for the proper performance of their duties" and that any steward shall be allowed for the performance of their duties "not less than one hour per day" on jobs with five or more employees. *Id.* Art. IX § 3(B). Pursuant to Article XIII of the CBA, discrimination against a job steward triggers a fine of wages, fringe benefits, and $2000.00 in liquidated damages. *Id.* Art. XIII § 11 Violation 5.

On April 11, 2022, the Union filed a demand for arbitration with the Joint Trade Committee alleging that Respondent discriminated against a job steward in violation of the CBA. Pet. ¶ 8; *see also* Arbitration Demand, Dkt. 3-3 at 2. The Union served its demand for arbitration on Respondent shortly thereafter. Pet. ¶ 8; *see also* Service Letter, Dkt. 3-3 at 1. On June 9, 2022, the Joint Trade Committee held an arbitration hearing via Zoom. Pet. ¶ 9; Final Award, Dkt. 3-1, at 1. The Union was represented by Richard Small ("Small"); Respondent did not appear. Final Award 1–2. At the hearing, Small stated that in April 2022 he observed members of the Union performing work that is covered by the CBA at a jobsite in the Bronx without job steward Edgar Torres ("Torres") being present. *Id.* at 2.

On June 16, 2022, the Joint Trade Committee issued its decision (the "Final Award"), concluding that Respondent discriminated against Torres in violation of Article IX of the CBA. Final Award 2. The Joint Trade Committee directed Respondent to submit $1,204.00 in wages

and $1,115.52 in benefits on behalf of Torres, plus $2,000.00 in liquidated damages, within ten days of its receipt of the decision.  *Id.*  Petitioners promptly sent the decision to Respondent on June 16, 2022, Dkt. 3-4, and sent a demand letter to Respondent about two weeks later, following its failure to comply with the decision, Dkt. 3-5, Pet. ¶ 13.  As of September 22, 2022, Respondent had failed to comply with the decision.  Pet. ¶ 14.

On September 27, 2022, the Union and the Trustees filed a Petition with this Court to confirm the Final Award.  *See generally* Pet.  Sahara Construction was served on September 29, 2022, Dkt. 7, but has not opposed the Petition.

## DISCUSSION

**I.      Legal Standard**

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . . and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citations omitted).

A court's "review of an arbitration award under the LMRA is . . . 'very limited.'" *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).  A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but inquire[s] only as to whether the arbitrator acted within the scope of his authority as defined by the collective

3

bargaining agreement." *Id.* The court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

When a petition to confirm an arbitration award is unopposed, courts treat the petition and accompanying record as an unopposed motion for summary judgment; unless the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law, the petition must be confirmed. *D.H. Blair & Co.*, 462 F.3d at 109–10. If, however, "the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* at 110 (internal quotation marks and citation omitted).

Although Section 301 of the LMRA "does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award," *Dist. Council of Carpenters v. A.J.S. Project Mgmt.*, No. 16-CV-8818 (VSB), 2019 WL 2171417, at *1 (S.D.N.Y. May 20, 2019) (quoting *Int'l Chem. Workers Union (AFL-CIO) v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)), a court may award attorneys' fees pursuant to its equitable powers where "the party challenging [an arbitration] award has refuse[d] to abide by an arbitrator's decision without justification," *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338*, 118 F.3d 892, 898 (2d Cir. 1997) (internal quotation marks and citation omitted).

II.  **The Petition to Confirm the Final Award is Granted**

The CBA expressly provides that the Joint Trade Committee is empowered to hear and decide in arbitration "all grievances and disputes which arise between the [p]arties as to the interpretation or application" of the CBA; that it has authority to issue awards "in any manner

which [it] deem[s] reasonable"; that its awards "shall be final and binding upon the complainant and respondent"; and that "judgment may be entered upon [any] award in accordance with applicable law in any court having jurisdiction thereof." CBA Art. XIII §§ 3, 8(c). The Court finds that the Final Award was properly within the scope of the Joint Trade Committee's authority. Thus, the Petition to confirm the Final Award is GRANTED.

The Final Award orders Respondent to pay $2,000.00 to the Joint Board of the Painters and Decorating Industry; $1,204.00 to Torres; and $1,115.52 to the "PIIAF."[2] Final Award 2. "Because the Award is for a sum certain, the Court need not make further inquiry into damages . . . ." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06-CV-5106, 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007).[3] The Court therefore orders Respondent to pay a total of $4,319.52 in damages as set forth in the Final Award. The Court also awards post-judgment interest accruing from the date judgment is entered until payment is made pursuant to 28 U.S.C. § 1961. *See True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017); *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case).

Petitioners request attorneys' fees and costs in bringing this petition. *See* Pets.' Mem., Dkt. 1-1, at 5–6. The Court finds that attorneys' fees and costs are warranted because Respondent made no effort to comply with or oppose the Final Award and because the CBA requires the payment of attorneys' fees incurred by "legal action to enforce an award by the Joint

---

[2] Neither the Final Award nor the Petition defines "PIIAF." The Court understands it to be an abbreviation for District Counsel No. 9 Painting Industry Annuity Fund.

[3] *See also, e.g.*, *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14-CV-8420 (WHP), 2015 WL 774714, at *2 (S.D.N.Y. Feb. 20, 2015); *Abondolo v. H. & M. S. Meat Corp.*, No. 07-CV-3870 (RJS), 2008 WL 2047612, at *3 (S.D.N.Y. May 12, 2008); *cf. Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

Trade Committee . . . ." CBA Art. XV § 3.[4] The Court declines to award such fees and costs at this time, however, because Petitioners failed to provide any supporting declarations stating the amount of fees and costs requested or the basis for their requests. *See Scott v. City of New York*, 626 F.3d 130, 132 (2d Cir. 2010) (noting that "absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications" and that even in exceptional cases counsel must "always maintain[] at least *some* contemporaneous records"); *Trs. of Dist. Council No. 9 Painting Indus. Ins. Fund v. Sahara Constr. Corp.*, No. 20-CV-4501 (LGS), 2020 WL 6130673, at *3 (S.D.N.Y. Oct. 16, 2020) (finding that fees were warranted but declining to award fees unless petitioners "documented their requested fees and costs to allow an assessment of whether they [were] reasonable").

## CONCLUSION

For all the foregoing reasons, the Union and Trustees' Petition to confirm the arbitration award is GRANTED, and their motion for summary judgment is DENIED as moot.

The Clerk of Court is respectfully directed to enter judgment for Petitioners in the amount of $4,319.52 in damages, as set forth in the Final Award, comprised of $2,000.00 due to the Joint Board of the Painters and Decorating Industry; $1,204.00 due to Torres; and $1,115.52 due to the PIIAF. Petitioners are also entitled to post-judgment interest on those sums, calculated at the statutory rate prescribed by 28 U.S.C. § 1961.

---

[4] *See Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Saheet Constr. Corp.*, No. 20-CV-2646 (VEC), 2020 WL 5237799, at *2 (S.D.N.Y. Sept. 2, 2017) (awarding attorneys' fees and costs where a respondent was "bound by [a] [collective bargaining agreement] to submit to disputes over contributions to arbitration," the respondent "failed to participate in the arbitration proceeding, failed to participate in the . . . matter, and [did] not pa[y] the arbitration award," and the collective bargaining agreement required the payment of attorneys' fees); *Trustees of Ceona PTE Ltd. v. BMT Giant, S.A. De C.V.*, No. 16-CV-4437 (WHP), 2016 WL 6094126, at *3 (S.D.N.Y. Oct. 19, 2016) (awarding attorneys' fees and costs to a petitioner seeking confirmation of an arbitration award where the respondent "failed to satisfy the Final Award, and [did not] respond[] to [the petitioner's] petition").

Petitioners' request for attorneys' fees and costs is DENIED without prejudice. Not later than Wednesday, November 30, 2022, Petitioners may file a fee application supported by timesheets showing hours worked, tasks performed, hourly billing rate, and basic biographical information of the attorneys whose time has been charged to this matter and for which Petitioners are seeing reimbursement.[5]

The Clerk is respectfully directed to terminate all open motions and to close the case.

**SO ORDERED.**

Date:  **November 9, 2022**
       **New York, New York**

          **VALERIE CAPRONI**
          **United States District Judge**

---

[5]  The Court will not award attorneys' fees for Petitioners' motion for summary judgment because it was unnecessary.